802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert T. IRVIN, Plaintiff-Appellant,
v.
Harry S. LESTER, Judge, Tenth Judicial Circuit Court and His
Employer, Defendant-Appellee.
 No. 85-5996.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1986.
 
 Before KEITH and MERRITT, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals pro se from the district court's order of October 22, 1985 dismissing his 42 U.S.C. S1983 complaint against state judge, Harry S. Lester.
 
 
 2
 This action arises from alleged constitutional violations committed by a state judge during a law suit filed by plaintiff.
 
 
 3
 Plaintiff contends that Judge Lester deprived him of his constitutional rights by not construing liberally his pro se complaint, and by not setting a trial date for plaintiff's original case while he was represented by an attorney--Plaintiff further contends that his rights were violated because he is an African-American.
 
 
 4
 Upon review of the record and briefs submitted by both parties, this Court finds that the district court correctly held that this action is barred on two counts. First, the applicable statute of limitations for this 42 U.S.C. S1983 is enunciated in Tennessee Code Annotated Sec. 28-3-104. The statute of limitations is stated as one (1) year after the cause of action has accrued. This action -was filed on October 22, 1985. Judge Lester's judgment on the case from which the present action arose was entered on July 15, 1983. Therefore, at least twenty seven (27) months had lapsed before plaintiff filed his complaint regarding the alleged violations. Both the United States Supreme Court and the Sixth Circuit Court of Appeals support the use of personal injury tort actions' statute of limitations for use in section 1983 cases. Mulligan v. Hazard, 777 F.2d 340 (6th Cir. 1985); Wilson v. Garcia, 105 S.Ct. 1938, 1947 (1985) . Second, the district court correctly decided that actions of a judicial officer in a judicial proceeding over which he has jurisdiction is absolutely immune from attack under 42 U.S.C. Sec. 1983; King v. Love, 766 F.2d 962 (6th Cir.), cert. denied, 106 S.Ct. 3351 (1985); Stump v. Sparkman, 435 U.S. 349 (1978).
 
 
 5
 For these reasons, it is ORDERED that the district court's judgment be affirmed. Sixth Circuit Rule 9(d)(3).